## Township of Shippen, Plff. in Err., *v.* H. D. Burlingame.

In the absence of clear and satisfactory evidence of fraud or mistake, the date affixed by the township auditors to a settlement made by them, shall be regarded as conclusive in determining whether an appeal is in time.

The report of the township auditors of Shippen township settling the accounts of the supervisors for the year ending March, 1885, was entered in the township book under date of April 13, 1885. This report, without date, was published in the county papers on April 16. On May 8 a copy was sworn to and filed in the office of the clerk of the quarter sessions. On the same day an appeal was taken from the decision of the auditors; and subsequently a rule was taken to strike off the appeal because not filed within thirty days from the settlement, and evidence was submitted to show that the report was concluded before the day it bore date. *Held,* that there was nothing inconsistent in this evidence that they held the report under advisement until the day it bore date, and in the absence of satisfactory evidence of fraud or mistake the date affixed to the report was conclusive and that the appeal was within the time prescribed.

.(Argued May 10, 1887.    Decided October 3, 1887.)

July Term, 1886, No. 134, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Cameron County to review an order of the court striking off an appeal from a settlement by the township auditors of the accounts of H. D. Burlingame, supervisor of Shippen township.    Reversed.

The appeal from the settlement was filed May 8, 1885; subsequently a rule was granted to show cause why the same should not be stricken off because not filed within thirty days after the settlement as required by the act of April 15, 1834. An issue was framed wherein Burlingame was plaintiff and the township was defendant and evidence was introduced to contradict the date of the auditors' report as made by them.

The material facts are stated in the opinion.

The court made absolute the rule to strike off the appeal.

The assignments of error specified the action of the court in considering the parol evidence and in making absolute the rule to strike off the appeal.

*Newton & Green,* for plaintiff in error.—There is but one

question in this case for the consideration of the court, and that is this:

Can the record so made in pursuance of the acts of assembly and relied upon by the whole world be contradicted by parol testimony, the taxpayers deprived of the right of appeal given them by law, and compelled to pay a bill of costs for their temerity?

In the cases of Louderback v. Boyd, 1 Ashm. (Pa.) 380; Read v. Dickinson, 2 Ashm. (Pa.) 224; Snyder v. Snyder, 7 Phila. 391; Kelly v. Gilmore, 1 W. N. C. 73; and McIlhaney v. Holland, 111 Pa. 634, 5 Atl. 731, it was held in substance that a party cannot be deprived of his right of appeal by the wilful or accidental act or omission of a justice of the peace, when he is ready and willing to comply with all the legal prerequisites to an appeal.

It is true that these cases all relate to appeals from justices' courts when the appeal has not been taken in time on account of some act of the justice; but the principles upon which all the cases were decided were the same as those involved here.

In Halliday v. Mills, 3 Clark (Pa.) 394, it was held that the transcript of a justice cannot be altered by parol evidence even where the allegation was that he had entered judgment upon a confession that was never made.

Records import absolute verity, and cannot be contradicted by evidence, although by a witness of the best credit, and must be tried by themselves, and admit of no averment to the contrary. Adams v. Betz, 1 Watts, 425, 26 Am. Dec. 79; Duff v. Wynkoop, 74 Pa. 300; Rice v. Constein, 89 Pa. 477.

A record will not even be amended by the proper court, when third parties have acted upon it or their interests have intervened.

The board of auditors was created by the act of April 15, 1834, which, after authorizing their election, provides that "the auditors of each township, any two of whom, duly convened, shall be a quorum, shall meet annually,    . . .    and shall audit, settle, and adjust the accounts of the supervisors."

The law also provides that the auditors shall file their report with the town clerk and a copy with the clerk of the court of quarter sessions.    It also provides for an appeal therefrom by the officer, the township, or any taxpayer on behalf of the township.

Here we have a court or tribunal provided for the trial and settlement of all accounts between the supervisors and the township, with provisions for making its proceedings a matter of record; and it has been held that it has exclusive jurisdiction over the settlements of supervisors' accounts with the townships.

A supervisor has no other mode of settling his accounts, as such, but before the township auditors, and by appeal from their decision. Dyer v. Covington Twp. 28 Pa. 186.

He cannot maintain a common-law action against the township. Brown v. White Deer Twp. 27 Pa. 109.

Their settlement is conclusive except on appeal. Porter v. School Directors, 18 Pa. 144; Short v. Gilson, 107 Pa. 315.

A party is estopped by what he has alleged or admitted of record. Ranck v. Becker, 12 Serg. & R. 426; Taylor v. Parkhurst, 1 Pa. St. 200; Spaulding v. Eimers, 3 Pittsb. L. J. 306; Anderson's Appeal, 4 Yeates, 35; Greeley v. Thomas, 56 Pa. 35; Kenner v. Postens, 21 Phila. Leg. Int. 21; Hostetter v. Hykas, 3 Brewst. (Pa.) 162.

*J. C. Johnson,* for defendant in error.—A writ of error does not lie in this case. The act of April 15, 1834, requiring the township auditors to settle the accounts of the supervisors, and providing for an appeal to the court of common pleas, does not allow exceptions or a writ of error. The amendment to this act, by the act of May 1, 1876, under which the appeal in this case was attempted by a taxpayer, does not allow exceptions or a writ of error. The whole proceeding is statutory, and not according to the course of the common law; and therefore a writ of error does not lie under the act of May 22, 1822. Purdon's Digest, pp. 702–704; Gangewere's Appeal, 61 Pa. 342; Ruhlman v. Com. 5 Binn. 24.

No bill of exceptions was taken and sealed by the court in this case, and none could have been. The act of 13 Edward I. chap. xxi. in force, allowing exceptions, does not apply to the admission or rejection of evidence on a motion for summary relief. Murphy v. Flood, 2 Grant Cas. 411; Miller v. Spreeher, 2 Yeates, 162; Lindsley v. Malone, 23 Pa. 24.

The depositions are therefore not before this court, upon the record, and cannot be considered; but the lower court having the power to quash or strike off the appeal, on extrinsic evidence which cannot be put on the record, the presumption is that every-

thing was done rightly and according to law. Brown v. Ridg-way, 10 Pa. 42; Banning v. Taylor, 24 Pa. 289.

If it should be held that a writ of error is well taken in this case, yet no exception was taken; and no bill was sealed in the court below for the plaintiff in error, to the considering by the court of the parol evidence, as set forth in the first assignment of error. As this exception was not taken in the court below it will be considered as waived. Rank v. Rank, 5 Pa. 215; Walters' Appeal, 1 Pa. S. C. Dig. 333; Dawson v. Robinson, 3 W. N. C. 449; Wright v. Wood, 23 Pa. 120; Kemmerer v. Edelman, 23 Pa. 143; Dorman v. Pittsburgh & S. Turnp. Road Co. 3 Watts, 126; Philadelphia, W. & B. R. Co. v. Conway, 112 Pa. 511, 4 Atl. 362; Williams v. Elliott, 4 Pennyp. 424; Yeager v. Fuss, 9 W. N. C. 557; Passenger Conductors' L. Ins. Co. v. Birnbaum, 19 W. N. C. 277.

The second assignment is not a valid assignment of error. "The assignments of error are an essential part of the pleadings in this court, and as such should be so complete in themselves as not to require reference to other parts of the record. . . . It must be obvious, therefore, that each specification of error should, in and of itself, present the question we are called upon to decide." Landis v. Evans, 113 Pa. 332, 6 Atl. 908.

If the court should entertain the writ and sustain the sufficiency of the assignments of error, and consider the merits of the case, it would be found that the account was settled at least forty-three days before the appeal was taken and the appeal was therefore too late by thirteen days, and for that reason among others it was rightly struck off. Purdon's Digest, p. 1641, pl. 42.

By § 102 of the act of April 15, 1834, the auditors are required to settle and adjust the accounts of the supervisors. By § 103 of the same act they are required to file their report with the town clerk, if there be one; and if not it shall remain with the senior auditor for inspection of all persons concerned. By § 104 of the same act, the appeal within thirty days after such settlement is allowed. By the act of April 14, 1851, § 19, and by the act of May 1, 1876, § 1, the right to appeal is extended to any taxpayer. The act of June 4, 1876 (P. L. 94) requires the auditors to meet annually on the second Monday of March for the settlement of the supervisors' accounts. These are all

the acts that relate to the accounts, as accounts. Purdon's Digest, 1641, 1642, pl. 30, 41.

Section 2 of the act of April 24, 1874, requires the auditors to publish an itemized annual statement of the receipts and expenditures of the supervisors, for the year preceding the annual settlement, by posting hand bills within ten days after such settlement, and further, to file a copy of the same with the town clerk, and also with the clerk of the court of quarter sessions, which shall be at all times subject to inspection by any citizen.

The plaintiff in error contends that these itemized annual statements of receipts and expenditures filed in this case with the town clerk, and the clerk of the quarter sessions, are records; that they govern the right of appeal, and are of such a high character that they import absolute verity. In this, I think, he is mistaken. At best all these papers, for which there is not even a provision made for recording, are only public and official writings. When produced from the proper custody, they are, perhaps, in proper cases, prima facie evidence, but may be explained. Chapman Twp. v. Herrold, 58 Pa. 106; Thompson v. Chase, 2 Grant Cas. 367.

Whenever the time of the execution of any writing, even of the most solemn kind, becomes material, it may be proved by parol. Draper v. Snow, 20 N. Y. 331, 75 Am. Dec. 408.

In Parker v. Luffborough, 10 Serg. & R. 249, parol evidence was given to show that a mistake was made in the affidavit of an assessor filed in office, and Com. v. Blaine, 4 Binn. 186, was cited, where the court suffered a mistake in the registry of a slave to be supplied by parol.

In Thomas v. Wright, 9 Serg. & R. 87, the day on which a sheriff's inquisition was held was shown by parol.

In Hillary v. Pollock, 13 Pa. 186, the date in the bill of particulars in a mechanics' lien was corrected by parol evidence.

In Greiss v. Odenheimer, 4 Yeates, 278, 2 Am. Dec. 407, the correct time of the execution of a mortgage was shown by parol.

If these papers were records yet they could be contradicted by parol for fraud (Thorne v. Travelers' Ins. Co. 80 Pa. 15, 21 Am. Rep. 89; Lowry v. McMillan, 8 Pa. 157, 49 Am. Rep. 501); or whenever a fraudulent use of them was attempted.

OPINION BY MR. JUSTICE STERRETT:

The account of defendant in error as one of the supervisors of

Shippen township, for the year ending March, 1885, was settled by the township auditors; and their report thereof entered in the township book under date of April 13, 1885. The report, without date, was published in two of the county papers issued on the 16th of same month. On May 8 a copy thereof was filed in the office of the clerk of quarter sessions, and on the following day a similar copy of the account, sworn to by the supervisors, was filed with the township clerk.

On the day the report was filed in the court of quarter sessions, George Edwards, a citizen and taxpayer of the township, on its behalf, appealed from the decision of the auditors to the court of common pleas; and in November following the court directed an issue to determine the disputed facts. Plaintiff below thereupon moved for a rule to show cause why the appeal should not be stricken off. Pending the rule he also filed a declaration, embodying a copy of the auditors' report and concluding thus: "This report was dated April 13, 1885, sworn to on May 8, 1885, and filed with quarter sessions clerk."

It was not even alleged that these dates are erroneous, or that the report had been made before it purports to have been. Depositions having been taken for the purpose of showing that the settlement had been concluded by the auditors and entered in the township book more than thirty days before the appeal was taken, the rule was made absolute and the appeal stricken from the record. It is contended there was error in thus summarily disposing of the appeal, and we think there was.

The evidence upon which the court appears to have acted was insufficient to justify the conclusion that the report of the township auditors was not finally concluded and adopted by them on the day it bears date.

It is not inconsistent with the fact that the account of defendant in error was submitted to the auditors in March, 1885, and by them held under advisement until the day the report bears date. There is nothing to show that the date appended to the report was unauthorized by the auditors, or that their authority in the premises had been previously exhausted. In the absence of clear and satisfactory evidence of fraud or mistake, the date affixed to such reports should be regarded as conclusive in determining whether an appeal is in time or not. If it were otherwise, taxpayers and other interested parties might often be misled to their injury.

The order of Court striking off the appeal is reversed and vacated, appeal reinstated, and *procedendo* awarded.

